IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JODY DON LEFFEW, )
 )
                Petitioner, )
 )
v. )    Case No. 24- 3238-JWL
 )
Warden, FCI-Leavenworth, )
 )
                Respondent. )
 )
_____)

## **MEMORANDUM AND ORDER**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he seeks immediate release to prerelease custody. For the reasons set forth below, the Court **denies** the petition.

In his petition, petitioner claims that his sentence expires on March 29, 2005; that he was "put in" for transfer to prerelease custody in September 2024; that he was told that the facility has not responded to requests; and that his own family contacted the facility, which stated that it had bed space and that it had not been contacted regarding petitioner. In the petition, however, petitioner has not provided any basis for his claim that he is entitled to immediate release to prerelease custody. He did attach a copy of this Court's opinion in *Woodley v. Warden*, 2024 WL 2260904 (D. Kan. May 15, 2024) (Lungstrum, J.), and in his reply petitioner argues that according to *Woodley*, "an inmate has the right to receive earned benefits and it is not [his] responsibility to find a room at the Halfway House."

First, the petition is subject to dismissal because of a failure to exhaust. Petitioner concedes that he has not exhausted his administrative remedies, but he argues that such an effort would be futile "considering the timing of his release." Petitioner is correct that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). As this Court has often noted, however, the futility exception is not satisfied merely because exhaustion could not be completed by the release date that would apply if a petitioner received the claimed credits, *see Randolph v. Hudson*, 2022 WL 1909051, at *1-3 (D. Kan. June 3, 2022) (Lungstrum, J.), or because the petitioner may lose time in a residential reentry center, *see Garner v. United States*, 2021 WL 3856618, at *3 (D. Kan. Aug. 30, 2021) (Lungstrum, J.). The Court need not decide the case on this basis, however, in light of its conclusion that the petition fails on its merits. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (district court may deny unexhausted habeas claim on the merits).

As noted above, petitioner appears to argue he is entitled to the same relief afforded the petitioner in *Woodley*. In that case, the petitioner had earned certain credits under the First Step Act (FSA), and the Court held that 28 U.S.C. § 3632(d)(4)(C), with its mandatory language, thus required transfer of the petitioner to prerelease custody, regardless of whether bed space was available in a particular residential reentry center (RRC). *See Woodley*, 2024 WL 2260904, at *2-4. That holding is not applicable here, however, because as respondent notes, petitioner has not earned FSA credits toward prerelease custody (which fact petitioner does not dispute), and thus the mandate of Section

3632(d)(4)(C) does not apply to his case. Petitioner has not offered any other basis for immediate transfer.[1]

As the Court explained in *Woodley*, the Bureau of Prisons (BOP) has authority concerning the designation of the place of a prisoner's confinement and the transfer of the prisoner to a different facility, and such decisions by the BOP are not reviewable by any court. *See* 18 U.S.C. § 3621(b); *see also Woodley*, 2024 WL 2260904, at *2. 18 U.S.C. § 3624(c) provides that the BOP shall, *to the extent practicable*, ensure that a prisoner spends "a portion" of his final 12 months in custody under conditions that will prepare the prisoner for reentry into the community, although nothing in that statute is to be construed to limit the authority of the BOP under Section 3621. *See* 18 U.S.C. § 3624(c); *see also Woodley*, 2024 WL 2660904, at *2. Thus, the BOP was not required to grant petitioner any particular amount of time in prerelease custody. The BOP's designation of petitioner's place of confinement is not reviewable by this Court, and at any rate, petitioner has not shown that the BOP abused its discretion in denying a transfer based on particular factors including a lack of availability. The Court therefore concludes that petitioner has not shown that he is entitled to relief.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

---

[1] In his reply, petitioner cites *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), in which the Supreme Court overruled its prior doctrine of deference to agency statutory interpretations under *Chevron*. *See id.* Petitioner has not explained how that holding or any other aspect of that case applies here, however.

IT IS SO ORDERED.

Dated this 3rd day of February, 2025, in Kansas City, Kansas.

                                              /s/  John W. Lungstrum
                                              Hon. John W. Lungstrum
                                              United States District Judge